IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL LIKENS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 2959 |
| | ) | |
| v. | ) | Judge Joan H. Lefkow |
| | ) | |
| MENARD, INC. d/b/a MENARDS, and | ) | |
| UNKNOWN EMPLOYEE, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Daniel Likens filed suit against Menard, Inc. d/b/a Menards ("Menards") and an unknown Menards employee for negligence in the Circuit Court of Will County, Illinois on April 2, 2015. (Dkt. 1-1 ("Compl.").) Menards removed the suit to this court the following day. (Dkt. 1.) Likens has moved to remand the case to state court. (Dkt. 9.) For the reasons stated below, Likens's motion is granted.

## BACKGROUND

Likens visited the Menards facility in Plainfield, Illinois on February 22, 2015. (Compl. ¶ 2.) There, he entered into an agreement with Menards to rent a MK-VTS/50 floor scraper. (*Id.* ¶ 6.) Menards assembled the scraper, complete with counterweight and blade, and directed an employee to transport the scraper to Likens's car. (*Id.* ¶¶ 7–8.) The employee, however, failed to remove the counterweight and blade from the scraper before doing so. (*Id.* ¶ 10.) Then, the employee dropped the scraper on Likens's hand, causing severe injury. (*Id.* ¶ 11.)

Likens filed suit against Menards and the unknown Menards employee in the Circuit Court of Will County, Illinois on April 2, 2015. (*See generally id.*) Likens also named MK Diamond Products, Inc., the manufacturer of the scraper, as a respondent in discovery. (*Id.*)

1

Likens brought separate claims for negligence against Menards and the unknown employee. (*Id.*)

Menards removed the action to this court on April 3, 2015. (Dkt. 1.) The notice of removal provides that the court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are of diverse citizenship and the amount in controversy exceeds $75,000. (*Id.* ¶ 1.) Specifically, the notice states that Menards is a Wisconsin corporation with its principal place of business in Wisconsin and that Likens is a citizen of Illinois. (*Id.* ¶¶ 9, 10.) Likens does not dispute his citizenship or that of Menards, or that the amount-in-controversy requirement is satisfied.

Likens, however, has filed a motion to remand this action to state court. (Dkt. 9.) Likens argues that the court lacks subject-matter jurisdiction because the unknown employee is, like Likens, a citizen of Illinois, thereby destroying complete diversity. (*Id.*) Menards does not dispute that the employee is an Illinois citizen. Instead, it argues (1) that the citizenship of defendants sued under fictitious names must be disregarded for purposes of diversity, and (2) that, in any event, the unknown employee must be dismissed from the case under Federal Rule of Civil Procedure 21 because Likens's naming of the unknown employee "is nothing more than a calculated and inappropriate attempt to deny [Menards] its right to remove cases." (Dkt. 13 ¶ 12.)

**LEGAL STANDARD**

Under 28 U.S.C. § 1441(a), a defendant may remove a case from state court to federal court if the district court would have original subject-matter jurisdiction over the action. *Disher* v. *Citigroup Global Mkts. Inc.*, 419 F.3d 649, 653 (7th Cir. 2005), *vacated and remanded on other grounds*, 548 U.S. 901, 126 S. Ct. 2964, 165 L. Ed.2d 947 (2006). The party seeking to

invoke federal jurisdiction bears the burden of proof to show that removal is proper. *Boyd* v. *Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum," and "[a]ny doubt regarding jurisdiction should be resolved in favor" of remand. *Doe* v. *Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (citations omitted).

## ANALYSIS

Federal district courts have original jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). When suing multiple defendants in a diversity action, a plaintiff "must meet the requirements of the diversity statute for each defendant or face dismissal." *Newman-Green, Inc.* v. *Alfonzo-Larrain*, 490 U.S. 826, 829, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989) (emphasis omitted) (citation omitted). The parties do not dispute that if the unknown employee's Illinois citizenship is considered, complete diversity is lacking and the case must be remanded. Instead, Menards raises two arguments as to why the court should disregard the employee's citizenship.

Menards first argues that the citizenship of the unknown employee should be ignored under 28 U.S.C. § 1441(b)(1). That section provides, "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." Nevertheless, when a plaintiff's allegations "give a definite clue about the identity of a fictitious defendant by specifically referring to an individual who acted as a company's agent, the court should consider the citizenship of the fictitious defendant." *Tompkins* v. *Lowe's Home Ctr., Inc.*, 847 F. Supp. 462, 464 (E.D. La. 1994) (citation omitted); *see also generally Sousa* v. *Astra Zeneca Pharm. Inc.*, No. 10 C 6040, 2010 WL 3834013 (N.D. Ill. Sept. 24, 2010).

3

In *Tompkins*, the plaintiff sued Lowe's and an unknown employee for injuries sustained when the employee knocked a steel pipe from a shelf onto the plaintiff's toe. 847 F. Supp. at 463. After Lowe's removed the action to federal court, the plaintiff moved to remand, arguing that the unknown employee's citizenship destroyed complete diversity. *Id.* In granting the motion and remanding the case, the court rejected the argument that the employee's citizenship should be disregarded. The court reasoned that the citizenship of the unknown employee was established at the time the plaintiff filed suit because no other Lowe's employees were involved in the accident. *Id.* at 464. Further, "Lowe's knew or should have known of John Doe's identity because [the employee] told his supervisor of the incident immediately after it happened and an accident report apparently was completed." *Id.* (citation omitted). The court concluded that it "would be unfair to plaintiffs to force them from their chosen state court forum into federal court by allowing Lowe's to plead ignorance about the defendant employee's identity." *Id.*

Similarly, in *Sousa*, the plaintiff filed suit against Astra Zeneca Pharmaceutical Inc. and several of its employees (whose identities were unknown) in Illinois state court. 2010 WL 3834013, at *1. The defendants removed the action to the Central District of Illinois, which then transferred the suit to the Northern District. *Id.* In a *sua sponte* consideration of jurisdiction, the court found complete diversity lacking and remanded the case to state court. *Id.* at *3. In doing so, the court rejected the argument that the citizenship of the unknown employees should be ignored. Specifically, the court looked at the purpose and history of 28 U.S.C. § 1441(b)(1) and drew a distinction between "fictitious defendants" and "real defendants about whom everything is known except their names." *Id.* at **1–2. The court reasoned, "There is no question from Sousa's allegations that real persons are involved, though spoken of as 'X, Y and Z' in the case caption." *Id.* at *2. The court also explained that the defendant knew the identity of its

4

employees and that the identification of those employees would almost certainly destroy complete diversity. *Id.* at *3.

The present case is indistinguishable from *Tompkins* and *Sousa*. There is no question that the unknown employee is a real, as opposed to fictitious, individual, who played a significant part in the events underlying the complaint's allegations. Further, as Exhibit B to Likens's motion indicates, Menards knows the identity of the employee, and is merely refusing to reveal it to Likens. (*See* dkt. 9-2 Exh. B.) Menards cannot force Likens into federal court by pleading ignorance about the identity of one of its employees. Accordingly, Menards's argument that the court should disregard the employee's Illinois citizenship under § 1441(b)(1) is unpersuasive.

Menards next argues that Likens's sole purpose in suing the unknown employee is to defeat diversity jurisdiction and that, as such, the court should dismiss the employee as a defendant under Federal Rule of Civil Procedure 21. This argument seeks to capitalize on the fraudulent joinder doctrine,[1] under which a plaintiff may not sue a non-diverse "defendant solely for the purpose of defeating federal diversity jurisdiction." *Schwartz* v. *State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999) (citation omitted). "Such joinder is considered fraudulent, and is therefore disregarded, if the [diverse] defendant can show there exists no 'reasonable possibility that a state court would rule against the [non-diverse] defendant.'" *Id.* (citation omitted). A defendant "bear[s] a heavy burden to establish fraudulent joinder," and courts must "resolv[e] all issues of fact and law in favor of the plaintiff." *Poulos* v. *Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (emphasis omitted). Indeed, courts have found that the standard is even more favorable to a plaintiff than the motion to dismiss standard under Rule

---

[1] The term "fraudulent joinder" is a misnomer, as the doctrine requires neither fraud nor joinder. *Schur* v. *L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 n.9 (7th Cir. 2009).

12(b)(6).  *Schur* v. *L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009) (collecting cases).

Menards contends that the presence of the unknown employee is unnecessary to the proper resolution of this controversy because the employee was acting within the scope of his employment at the time of the accident.  "Whether the employer is held vicariously liable for the agent's conduct, however, does not affect the agent's independent tort liability."  *Id.* at 765 (citations omitted).  Thus, Menards's argument that the employee cannot be personally liable because Menards might also be held vicariously liable for his conduct fails.

Menards likely intends to invoke the common law rule "that an agent who breaches a duty owed *solely* to her principal is not independently liable to an injured third party."  *Id.* (emphasis in original) (citation omitted).  Indeed, if Likens's complaint merely alleges that the employee breached a duty owed to Menards, rather than to Likens, he cannot state a claim against the employee for negligence.  *See id.* at 766 (citations omitted).  Thus, the court must determine whether the employee owed Likens an independent duty.  Whether a duty exists is a question of law and turns on whether the risk of harm was reasonably foreseeable.  *Id.* (citation omitted).

Likens alleges that Menards and the unknown employee owed him the same duty:  to exercise ordinary care in the safe transport of the floor scraper to Likens's car.  (Compl. ¶¶ 13, 16.)  Nevertheless, the pleaded facts indicate that the unknown employee owed a duty to Likens independent of any duties the employee owed to Menards.  Likens has alleged that the employee was an active participant in the accident that caused the injury.  *Cf. Roh* v. *Starbucks Corp.*, No. 13 C 8865, 2015 WL 232374, at *2 (N.D. Ill. Jan. 14, 2015) (finding no independent duty and reasoning that the non-diverse defendant "did not commit the act which caused the incident or

6

actively contribute to the act"). In personally transporting the machine to Likens's car, the employee undertook a duty to use reasonable care in doing so; indeed, transporting the machine created a reasonably foreseeable risk of harm to Likens. *See Gateway Erectors Div. of Imoco-Gateway Corp.* v. *Lutheran Gen. Hosp.*, 430 N.E.2d 20, 21, 102 Ill. App. 3d 300, 58 Ill. Dec. 78 (1981) ("If the agent once actually undertakes and enters upon the execution of a particular work, it is his duty to use reasonable care in the manner of executing it, so as not to cause any injury to third persons which may be the natural consequence of his acts." (citation omitted) (internal quotation marks omitted)). Accordingly, Menards has not shown that there is no reasonable possibility that an Illinois court would rule against the unknown employee. The fraudulent joinder doctrine does not counsel against remand.

## CONCLUSION AND ORDER

For the foregoing reasons, plaintiff Daniel Likens's motion to remand (dkt. 9) is granted. The court orders the case remanded to the Circuit Court of Will County, Illinois, and the Clerk of the Court is directed to mail a certified copy of the order of remand forthwith.

Date: June 26, 2015

_____
U.S. District Judge Joan H. Lefkow